Dawn M. Coulson, State Bar No. 154085
dcoulson@eyclaw.com
Michael B. Wilson, State Bar No. 233633
mwilson@eyclaw.com
**EPPS YONG & COULSON, LLP**
333 S. Hope Street, 35th Floor
Los Angeles, California 90071
(213) 613-2340 - Telephone
(213) 613-2344 - Facsimile

Attorneys for Creditor CITIZENS BUSINESS BANK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:09-bk-44228-AA |
| FEY 240 NORTH BRAND, LLC, | Chapter 11 |
| Debtor | **CITIZENS BUSINESS BANK'S OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION SUBMITTED BY DEBTOR FEY 240 NORTH BRAND, LLC**<br><br>Date: April 7, 2010<br>Time: 10:30 a.m.<br>Ctrm: 1375 |

3221-006                                                                          i
CITIZENS BUSINESS BANK'S OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11
PLAN OF REORGANIZATION SUBMITTED BY DEBTOR FEY 240 NORTH BRAND, LLC

# TABLE OF CONTENTS

I. INTRO..................................................................................................................1

II. FACTUAL BACKGROUND.................................................................................1

    A. The Debtor and its Property Manager.............................................................1

    B. The Loan History and Assignments of Leases................................................1

    C. The Debtor's Default .......................................................................................3

III. OBJECTION TO DISCLOSURE STATEMENT DESCRIBING PROPOSED CHAPTER 11 PLAN..............................................................................................3

    A. The Disclosure Statement Contains Inadequate Information to Allow the Hypothetical Investor to Make an Informed Decision....................................3

        i. The Disclosure Statement Lacks Information Regarding the Market Rate of Interest..................................................................................3

        ii. The Disclosure Statement Does Not Address the Suspended Status of Dorn Platz Management, Inc...........................................................4

        iii. The Disclosure Statement Does Not Provide Sufficient Information Regarding the Listed Leases...............................................................5

        iv. There Are No Parameters For The Capital Contributions From FEY 240's Sole Equity Holder..................................................................5

        v. The Disclosure Statement Does Not Provide Adequate Information Regarding How it Determined the Fair Market Value of Its Assets And The Valuation for its Liquidation Analysis......................................6

        vi. The Disclosure Statement Provides Inadequate Information Regarding Post-Confirmation Management .......................................6

        vii. The Disclosure Statement Provides Inadequate Information Regarding its Liquidation Analysis.......................................................7

        viii. The Disclosure Statement Does Not Provide Adequate Information On The List of Unsecured Claims......................................................7

        ix. The Disclosure Statement Does Not Provide Adequate Information Regarding Insiders Dorn Platz Management, Inc., Greg Galletly, and Lobar Properties.................................................................................8

EPPS YONG & COULSON, LLP
333 S. HOPE STREET, 35TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 613-2340 • FAX (213) 613-2344

3221-006

ii

CITIZENS BUSINESS BANK'S OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11
PLAN OF REORGANIZATION SUBMITTED BY DEBTOR FEY 240 NORTH BRAND, LLC

x.   The Disclosure Statement Does Not Provide Adequate Information Regarding the Evilsizer Mechanic's Lien..........................................8

xi.  The Disclosure Statement Does Not Provide Adequate Information Regarding Glendale Career School's claim..................................9

B. FEY 240's Chapter 11 Plan is Fatally Flawed..............................................9

i.   FEY 240 Proposes to Manage its Property Using a Suspended Corporation....................................................................................9

C. The Disclosure Statement Provides Inaccurate Information..........................10

i.   The Disclosure Statement Gives Inaccurate Information as to the Claim of Evilsizer Construction...........................................................10

ii.  The Disclosure Statement Gives Misleading Information as to the status of Goodwill and Southwest College's Occupancy and Projected Income from NWC Investments..........................................................10

iii. The Disclosure Statement Inaccurately States That No Claimants or Interest Holder is an Affiliate of the Debtor.................................11

IV. CONCLUSION.................................................................................................11

EPPS YONG & COULSON, LLP
333 S. Hope Street, 35th Floor, Los Angeles, California 90071
Tel. (213) 613-2340 • Fax (213) 613-2344

3221-006                                                    iii
CITIZENS BUSINESS BANK'S OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11
PLAN OF REORGANIZATION SUBMITTED BY DEBTOR FEY 240 NORTH BRAND, LLC

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Allied Gaming Mgmt.*, 209 B.R. 201 (Bankr. W.D. La. 1997)..................................9

*In re Brotby*, 303 B.R. 177 (B.A.P. 9th Cir. 2003)......................................................10

*In re Diversified Investors Fund XVII*, 91 B.R. 559 (Bankr. CD CA 1988).....................7

*Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427 (6th Cir. 1982)...........................4

*In re Phoenix Petroleum Co.*, 278 B.R. 385 (Bankr. E.D. Pa. 2001)...............................3

*In re Sherwood Square Assoc.*, 107 B.R. 872 (Bankr. D. Md. 1989)..............................4

## FEDERAL STATUTES

11 U.S.C. § 1125..........................................................................................................3, 9

11 U.S.C. § 1129..........................................................................................................3, 4

## STATE STATUTES

Civil Code § 2938................................................................................................................2

Taxation & Revenue Code § 23302....................................................................................9

EPPS YONG & COULSON, LLP
333 S. Hope Street, 35th Floor, Los Angeles, California 90071
Tel (213) 613-2340 • Fax (213) 613-2344

I.  INTRO

Citizens Business Bank ("CBB"), a secured creditor and party-in-interest herein objects to the Disclosure Statement ("DS") and Proposed Chapter 11 Reorganization Plan submitted by Debtor FEY 240 North Brand, LLC ("FEY 240" or "Debtor") on the grounds that the disclosure statement contains inadequate information to allow a hypothetical investor to make an informed decision. As will be shown herein, the Disclosure Statement lacks sufficient information regarding, among other things, the market rate of interest, the status of and terms for the leases, and the Chapter 7 liquidation analysis. CBB also objects to the Disclosure Statement and Proposed Chapter 11 Plan on the ground that FEY 240's proposed property manager is unable to perform its duties as a matter of California law.

II.  FACTUAL BACKGROUND

A. The Debtor and its Property Manager

FEY 240 NORTH BRAND, LLC, is, and at all times relevant hereto was, a California limited liability company. As stated in its Disclosure Statement, FEY 240 is in the business of property ownership. FEY 240 currently owns the 55,000 square foot 3-story commercial building located at 240 North Brand Blvd. in Glendale, CA. (Disclosure Statement ("DS"), 13.)

FEY 240's property is managed by Dorn Platz Management, Inc. ("Dorn Platz"). (DS 36.) Dorn Platz is slated to receive property management fees equal to three percent of the gross revenue of the property. (*See* DS Exh. B1.) Although FEY 240 proposes to pay Dorn Platz a fee to manage its property, Dorn Platz is currently not qualified to do business in California and is a suspended corporation as designated by the California Secretary of State. (Declaration of Michael B. Wilson, filed concurrently herewith ("Wilson Decl."), ¶ 2, Exh. 1.)

B. The Loan History and Assignments of Leases

On or about September 27, 2005, CBB entered into a construction loan agreement ("Loan Agreement") with FEY 240 North Brand, LLC through which FEY 240 borrowed from CBB the principal amount of nine million dollars ($9,000,000.00). The subject loan and FEY 240's promise to re-pay is evidenced by the Loan Agreement and Promissory Note ("Note") dated September 27, 2005, and is secured by, among other things, a first lien on all real property of FEY

240 granted by a Construction Deed of Trust. The Loan Agreement, Promissory Note, and all of the debtor's obligations thereunder and in connection or in relation therewith are are collectively referred to as the "Loan." True and correction copies of the Loan Agreement, Note, and Deed of Trust are attached to the Declaration of Verona K. Chion in Support of CBB's Opposition to the Disclosure Statement filed concurrently herewith ("Chion Decl.") as Exhibits A and B.

As collateral for the Loan, FEY 240 executed and delivered to CBB an Absolute Assignment of Leases, Lease Guaranties, Rents, Issues and Profits (Fee) (hereinafter the "Assignment of Leases") encumbering the real property commonly known as 240 North Brand Blvd., City of Glendale, California. Pursuant to the Assignment of Leases, FEY 240 assigned to CBB all of FEY 240's rights, title, and interest in all leases, rental agreements, and tenant improvement construction and reimbursement agreement ('Leases) in favor of FEY 240 or FEY 240's predecessors or successors in interest, in regard to the 240 North Brand Blvd. property, that is more particularly and legally described in the Assignment of Leases; and further assigned to CBB all of FEY 240's rights, title and interests in all lease guaranties in regard to the Leases ("Lease Guaranties"), and all rents, issues and profits of the 240 North Brand Blvd. Propety, including the cash proceeds thereof, to the full extent provided by California Civil Code § 2938. (See Chion Decl. Exh. C.) With regard to FEY 240's assignment of all leases to CBB, Borrower, CBB and tenants Glendale Career Schools, Inc. and 24 Hour Fitness USA, Inc. entered into Subordination, Nondisturbance and Attornment Agreements whereby the tenants' leases were and are, among other things, subordinated to CBB's lien on the Property. (See Chion Decl. Exhs D, E.)

As further collateral for the Loan, FEY 240 executed a Security Agreement (Assignment of Deposit Account), which assigns FEY 240's rights, title and interest to CBB in and to Borrower's deposit accounts with CBB. (See Chion Decl. Exh. F.)

The maturity date of the Loan is November 30, 2014. Per the terms of the Loan, Borrower is and was obligated to make monthly principal and interest payments to CBB in amounts set forth in the Note.

C. The Debtor's Default

FEY 240 is and has been in default under the Loan for failure to make payments as due under the Note and Loan Agreement.

III. OBJECTION TO DISCLOSURE STATEMENT DESCRIBING PROPOSED CHAPTER 11 PLAN

A. The Disclosure Statement Contains Inadequate Information to Allow the Hypothetical Investor to Make an Informed Decision

11 USC § 1125(b) states, in pertinent part:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

(11 U.S.C. § 1125(b).) "Adequate information" is defined as: information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. (11 U.S.C. § 1125(a); *In re Phoenix Petroleum Co.* (Bankr. E.D. Pa. 2001) 278 B.R. 385, 392.)

Here, FEY 240 does not provide adequate information to allow a hypothetical investor or CBB, as a class member, to make an informed decision about the proposed Chapter 11 plan.

xii. The Disclosure Statement Lacks Information Regarding the Market Rate of Interest

FEY 240's Disclosure Statement should not be approved because it fails to disclose the market rate of interest that would be owed to CBB under section 1129 of the Bankruptcy Code.

To confirm the Disclosure Statement over CBB's objection, FEY 240 must meet the "fair and equitable" test set forth in section 1129(b)(2)(A) of the bankruptcy code; with respect to CBB's claims, FEY 240 must demonstrate that FEY 240 will retain its lien and receive deferred cash payments totaling at least the amount of FEY 240's secured claim. The appropriate interest rate used to calculate the present value of the claim of a secured creditor in a "cramdown" situation is the current market rate of interest. (*See In re Sherwood Square Assoc.* (Bankr. D. Md. 1989) 107 B.R. 872; *See also Memphis Bank & Trust Co. v. Whitman* (6th Cir. 1982) 692 F.2d 427.)

The interest rate due to CBB under the original Loan Agreement is 6.125% per annum for the period of the loan closing to October 31, 2010. Commencing from November 1, 2010 to the maturity date, the interest rate is the greater of 6.125% per annum and a rate based on the Treasury Rate as formulated by the provisions of the Note at page 1. In the event of default, the Note accrues interest at the rate of 5% over the Note Rate (the "Default Rate"). The Note is currently at a default rate of 11.125 %. FEY 240 proposes an interest rate on CBB's Note of 6.125% in its disclosure plan "to compensate [CBB] because claim is paid over time" (DS 20). FEY 240 does not indicate how the initial note rate will adequately compensate CBB given that the current rate is 11.125 % and FEY 240 also fails to provide any analysis of the market rate of interest as required by section 1129 of the bankruptcy code.

In addition to the Disclosure Statement's failure to demonstrate the market rate, the Disclosure Statement assigns an interest rate of 6.125% to CBB's first lien and 5% to DeLovely Properties' second trust deed, but inexplicably assigns an interest rate of 0% to Barnust Properties' fourth trust deed and Evilsizer Construction's mechanic's lien.[1] CBB submits that more information regarding the interest rates FEY 240 proposes to pay to each of its creditors is necessary for each creditor to evaluate its treatment under the proposed plan.

> xiii. The Disclosure Statement Does Not Address the Suspended Status of Dorn Platz Management, Inc.

As will be more fully discussed in Sections III, B, i herein, as of the filing of this objection, the status of FEY 240's property management company, Dorn Platz, is "suspended". Forfeited and suspended entities may not conduct business under California law and the Disclosure

---

[1] See Section III, A, x herein for discussion regarding the interest rate on Evilsizer Construction's mechanic's lien.

Statement fails to address the status of Dorn Platz and also fails to address if, how, and when the entities will be returned to an operational status.

### xiv. The Disclosure Statement Does Not Provide Sufficient Information Regarding the Listed Leases

The Disclosure Statement lists on page 37 the "unexpired leases to be assumed." (DS 36.) Based upon the assumption of these leases, FEY 240 projects rents and profits which it proposes to then use to fund its five year Chapter 11 plan. Missing from the description of the leases is information which would allow a hypothetical investor or CBB to determine if FEY 240's projection of future rents is feasible. For instance, the Disclosure Statement projects income from Goodwill and Southwest College of Medical & Dental Assistants & Practical nurses beginning in April 2010. (DS, Exh. C4.) Pages 13-14 of the Disclosure Statement notes that "construction of tenant improvements for both Goodwill and Southwest College is nearing completion." (DS 13-14.) No information is given as to the scope of the tenant improvements necessary before Goodwill and Southwest College can take occupancy, the status of the tenant improvements, or the projected completion date. The Disclosure Statement also includes in its projected income rental income from NWC Investments beginning in April 2010 (DS, Exh. C4) yet according to the Disclosure Statement the lease with NWC Investments is "pending." (DS 13.) Information regarding the status of lease negotiations and whether there are any preconditions to NWC Investments' occupancy is necessary for CBB and any hypothetical investor to evaluate FEY 240's projected income.

### xv. There Are No Parameters For The Capital Contributions From FEY 240's Sole Equity Holder

In its future financial outlook, the Disclosure statement states that its "financial solvency, which is relevant to its ability to honor its commitment to make up any shortfall, is demonstrated by the following facts: Mr. [Keith] Fey is the sole owner of the Debtor and has sufficient assets to fund any monthly shortfall." (DS 35-36.) No parameters are given with regard to how much capital Mr. Fey as the sole owner will be expected to contribute, the method by which FEY 240 will determine when to request further capital contribution, or any of a number of such issues such as any cap on contributions. Furthermore, and despite the Disclosure Statement's assertion that Mr. Fey "has sufficient assets fund any shortfall," no assurance is given that Mr. Fey will in fact make any contributions and no evidence is presented as to what Mr. Fey's "sufficient assets" are

and if those assets are capable of funding the debtor for the plan period. Finally, Mr. Fey's possible contributions are not listed in the "Critical Plan Provisions" section of the Disclosure Statement, which simply states that the sources of money earmarked to pay creditors and interest-holders are future earnings and the refinance or sale of the property (DS 14.)

> xvi. The Disclosure Statement Does Not Provide Adequate Information Regarding How it Determined the Fair Market Value of Its Assets And The Valuation for its Liquidation Analysis

Exhibit D to the Disclosure Statement is a list the asset of FEY 240 with its fair market value. (DS 50.) The only information provided as to how FEY 240 determined the fair market value is that the FMV is based on the net operating income for year 2 of the plan at a 7.5% cap rate. (DS 50.) Adequate information sufficient to allow a hypothetical investor to determine the feasibility of the proposed plan should include, at a minimum, the date of valuation and the reason for the choice of date, and the documents relied upon to produce the figure in Exhibit D. Furthermore, no explanation is given as to the choice of the 7.5% cap rate, especially given that the refinancing and sale analyses use a cap rate of 6.5%. (See DS 52, 53.) Each of these pieces of information is necessary for any hypothetical investor, and CBB, to evaluate the feasibility of the proposed plan.

> xvii. The Disclosure Statement Provides Inadequate Information Regarding Post-Confirmation Management

The Disclosure Statement provides that Mr. Keith Fey and Mr. Greg Galletly will manage FEY 240 with job duties including "[o]verseeing management operations of the Debtor and the Debtor's property." (DS 33-34.) Although Mr. Fey and Mr. Galletly will apparently manage the Debtor and the Debtor's property, the disclosure statement proposes to assume Fey 240's property management agreement with Dorn Platz Management, Inc. and to pay Dorn Platz three percent of the gross revenue of the property. (DS 36, Exh. B2.) The role that Dorn Platz will play in the Debtor's post-confirmation management should be more fully articulated because, as is noted herein, Dorn Platz is currently a suspended corporation which under California law may not transact any business. Furthermore, Dorn Platz's duties should be more fully articulated because FEY 240 is allocating three percent of the gross revenue of the property to pay Dorn Platz for its services. (DS, Exh. B2) It is not made clear in the Disclosure Statement what Dorn Platz will be doing to earn three percent of the gross revenue of the property and whether or not the duties Dorn

Platz will perform are duplicative of the duties allocated to Mr. Fey and Mr. Galletly, the managing members of Fey 240 who are also listed as a post confirmation managers of the Debtor. (DS 33-34.)

### xviii. The Disclosure Statement Provides Inadequate Information Regarding its Liquidation Analysis

An accurate liquidation analysis is essential to enable creditors to compare their recovery under a Chapter 7 liquidation to their recovery under the proposed Chapter 11 Plan. (*In re Diversified Investors Fund XVII* (BC CD CA 1988) 91 B.R. 559, 561.) FEY 240's liquidation analysis provides a value for the building as of the effective date of the Plan which conflicts with other provisions of the Disclosure Statement. The Disclosure Statement reduces the liquidation value of the building by over three million dollars because "it assumes that the two tenants who have signed leases will never take occupancy." (DS 32.) Given that the Disclosure Statement projects income from the two tenants have signed leases beginning in April 2010 (DS, Exh. C4) and given that the hearing on FEY 240's proposed disclosure statement will occur in April 2010, this statement, and the resulting liquidation analysis, are in direct conflict with each other. The fair market value of FEY 240's assets and liquidation analysis are crucial figures necessary for a creditor to evaluate its treatment under the plan and its alternatives. Without information which corroborates the accuracy of FEY 240's figures, CBB and the other creditors are left to simply trust the figures and projections supplied by FEY 240. Detailed, accurate, and verifiable figures are the sine qua non of an informed financial decision. This Disclosure Statement therefore does not provide adequate information to allow creditors to make an informed decision.

### xix. The Disclosure Statement Does Not Provide Adequate Information On The List of Unsecured Claims

The Disclosure Statement provides a list of general unsecured claims and the total amount of each claim. (DS 8.) Missing from the list of unsecured claims is any indication as to whether the unsecured claimants are insiders of the Debtor. For instance, Dorn Platz is listed as an unsecured creditor in the amount of $99,058.15. (DS 8.) Elsewhere in the Disclosure Statement, it is noted that "because of common control, [Dorn Platz] may be considered an insider . . ." (DS 26.) The Disclosure Statement also provides no information as to what kind of unsecured claim this insider has against FEY 240.

3221-006                                    7
CITIZENS BUSINESS BANK'S OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11
PLAN OF REORGANIZATION SUBMITTED BY DEBTOR FEY 240 NORTH BRAND, LLC

   xx. **The Disclosure Statement Does Not Provide Adequate Information Regarding Insiders Dorn Platz Management, Inc., Greg Galletly, and Lobar Properties.**

The Disclosure Statement names Greg Galletly as a managing member of FEY 240. (DS 24.) Greg Galletly is also an officer of Dorn Platz Management, Inc. (Declaration of Michael B. Wilson, filed concurrently herewith ("Wilson Decl."), ¶ 3.) The Disclosure Statement also lists in its list of unsecured creditors Lobar Properties with a claim in the amount of $235,887.89. (DS 8.) The Lobar Properties loan to FEY 240 is part of a larger loan from CBB to Lobar Properties that was split among three entities, all of which are currently in bankruptcy proceedings in the Central District of California. (Wilson Decl., ¶ 4.) Each of the three entities sharing the Lobar Properties loan is represented by Greg Galletly. (Wilson Decl., ¶ 3.)

The Disclosure Statement does not provide adequate information regarding the relationship between FEY 240, Dorn Platz Management, Inc., Greg Galletly, and Lobar Properties. There is significant overlap in the management of FEY 240 and Dorn Platz, possibly making Dorn Platz an insider for the purposes of this bankruptcy case. (See DS 26; See also Wilson Decl., ¶ 3.) Furthermore, the single loan from Lobar Properties to three separate bankrupt entities has implications on the bankruptcy estate of each of the three entities. The Disclosure Statement does not provide adequate information regarding Greg Galletly and the entities he represents for a hypothetical investor to determine whether the bankruptcy of the two other entities will have an effect on FEY 240, and whether Dorn Platz's claims should be equitably subordinated.

   xxi. **The Disclosure Statement Does Not Provide Adequate Information Regarding the Evilsizer Mechanic's Lien**

The Disclosure Statement lists Evilsizer Construction as an undisputed secured claimant with a claim in the amount of $407,682.93. (DS 17, 23-24.) The Disclosure Statement states that the interest rate on the Evilsizer claim is 0% and provides projections based upon a 0% interest rate. (DS 23; Exh. B1.) Evilsizer Construction, however, has filed a proof of claim with an attached judgment which states that Evilsizer's judgment accrues interest at the daily rate of $91.61. (Claim 11-1, filed on March 15, 2010.) Given that the Disclosure Statement proposes to pay the Evilsizer Claim by making a one time payment in the 53rd month after plan confirmation (DS 24), more information and accurate information is necessary for CBB and the hypothetical investor to determine what will be the true state of FEY 240's finances at the time payment to Evilsizer is due.

### xxii. The Disclosure Statement Does Not Provide Adequate Information Regarding Glendale Career School's claim

The Disclosure Statement identifies as Class 2B a disputed claim from Glendale Career Schools in the amount of "[a]pproximately $2,000,000." (DS 25.) No other information is provided about this disputed claim and no provisions or projections are made for the possible payment of this claim besides the notation that the final payment date would be in the 53rd month after plan confirmation and the amount would be "whatever portion of the claim that would be allowed." (DS 25.) Since a two million dollar claim will significantly affect the Debtor's projections, more information is necessary for CBB and any hypothetical investor to adequately determine the feasibility of FEY 240's projected finances and sale/refinance analysis.

### B. FEY 240's Chapter 11 Plan is Fatally Flawed

A body of jurisprudence has developed which suggests that notwithstanding adequate disclosure of information required by section 1125(b), a disclosure statement should not be approved if the proposed plan, as a matter of law, cannot be confirmed. (*See In re Allied Gaming Mgmt.* (Bankr. W.D. La. 1997) 209 B.R. 201, 202.)

### i. FEY 240 Proposes to Manage its Property Using a Suspended Corporation

California Revenue & Taxation Code section 23302 states, in pertinent part:

(d) If a taxpayer's powers, rights, and privileges are forfeited or suspended pursuant to Section 23301, 23301.5, or 23775, without limiting any other consequences of such forfeiture or suspension, the taxpayer shall not be entitled to sell, transfer, or exchange real property in California during the period of forfeiture or suspension.

(Cal. Rev. & Tax. Code § 23302.)

As noted, Dorn Platz, the post-confirmation property manager listed in the Disclosure Statement, has a current status of "suspended." According to the Disclosure Statement, FEY 240's sole asset is the property located at 240 North Brand Blvd. in Glendale, CA and the Disclosure Statement proposes to fund the proposed Chapter 11 plan

3221-006

9

CITIZENS BUSINESS BANK'S OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION SUBMITTED BY DEBTOR FEY 240 NORTH BRAND, LLC

through the lease and possible sale of real property owned by FEY 240. Since confirmation of the plan would necessarily involve authorization of Dorn Platz's transactions in real property and since Dorn Platz may not currently sell, transfer or exchange real property pursuant to California law, the plan is patently nonconfirmable.

### C. The Disclosure Statement Provides Inaccurate Information

In addition to adequate information, a disclosure statement must not contain inaccurate, deceptive, or misleading information; "including false information is a more serious matter than a mere lack of information." (*In re Brotby* (B.A.P. 9th Cir. 2003) 303 B.R. 177, 193.) Here, FEY 240's disclosure statement should not be approved because it contains inaccurate and misleading information about various claims and projections, including the interest rates on Evilsizer Constructions' claim, the occupancy of Goodwill and Southwest College, and FEY 240's income from NWC Investments.

#### i. The Disclosure Statement Gives Inaccurate Information as to the Claim of Evilsizer Construction

As discussed earlier, the Disclosure Statement lists Evilsizer Construction as an undisputed secured claimant with a claim in the amount of $407,682.93. (DS 17, 23-24.) The Disclosure Statement states that the interest rate on the Evilsizer claim is 0% and provides projections based upon a 0% interest rate. (DS 23; Exh. B1.) Evilsizer Construction, however, has filed a proof of claim with an attached judgment which states that Evilsizer's judgment accrues interest at the daily rate of $91.61. (Claim 11-1, filed on March 15, 2010.) FEY 240's Disclosure Statement should not be approved because it contains inaccurate information about the interest rates on Evilsizer's claim.

#### ii. The Disclosure Statement Gives Misleading Information as to the status of Goodwill and Southwest College's Occupancy and Projected Income from NWC Investments

As discussed in Section III, A, 3 above, the Disclosure Statement projects income from Goodwill and Southwest College beginning in April 2010 while at the same time noting that the tenant improvements for each tenant must be completed before the tenants can take occupancy. No status or timetable for completion is given. The Disclosure Statement is misleading in that it projects future income based upon both tenants' occupancy, the timetable for which is unsure at

3221-006
10
CITIZENS BUSINESS BANK'S OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION SUBMITTED BY DEBTOR FEY 240 NORTH BRAND, LLC

best. Also as noted, NWC Investment's occupancy is speculative; the lease is "pending." Furthermore, page 32 of the Disclosure Statement states that FEY 240 "does not believe that [Goodwill or Southwest College] would have an Administrative claim if they did not take occupancy." Again, and as noted earlier, the Disclosure Statement bases its projections upon Goodwill and Southwest College's occupancy in April 2010. If the statement is correct, Goodwill and Southwest College may have an administrative claim by the time the plan is confirmed.

        iii. The Disclosure Statement Inaccurately States That No Claimants or Interest Holder is an Affiliate of the Debtor

According to page 17 of the Disclosure Statement, no claimant listed in its list of undisputed secured and unsecured claim is an affiliate of the Debtor. (DS 17.) This is incorrect. As noted earlier, Dorn Platz is listed as an unsecured creditor in the amount of $99,085.15 (DS 8) and is an insider (DS 26.)

IV.    CONCLUSION

For the foregoing reasons, CBB objects to the Disclosure Statement and Proposed Chapter 11 Plan and requests that this Court withhold approval of the Disclosure Statement until an adequate version is submitted.

Dated: March 24, 2010        **EPPS YONG & COULSON, LLP**

By: _____/s/ Michael B. Wilson_____
      Dawn M. Coulson
      Michael B. Wilson
      Attorneys for Creditor CITIZENS BUSINESS BANK