Mitchell B. Ludwig (State Bar No. 115903)
mbl@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Attorneys for Secured Creditor
GCS/LES, a Nevada corporation f/k/a Glendale Career Schools

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>FEY 240 NORTH BRAND LLC, a Limited Liability Company,<br><br>Debtor. | NO. 2:09-bk-44228-AA<br><br>Chapter 11<br><br>Date: August 11, 2010<br>Time: 10:00 a.m.<br>Ctrm: 1375<br>255 E. Temple Street<br>Los Angeles, CA<br><br>OBJECTION OF SECURED CREDITOR GCS/LES, A NEVADA CORPORATION F/K/A GLENDALE CAREER SCHOOLS TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT |

TO THE COURT, THE DEBTOR FEY 240 NORTH BRAND LLC, A LIMITED LIABILITY COMPANY, AND TO ALL OTHER INTERESTED PARTIES:

Secured Creditor GCS/LES, a Nevada corporation f/k/a Glendale Career Schools[1] ("Glendale") objects to the Debtor FEY 240 NORTH BRAND LLC, a Limited Liability Company's (the "Debtor") Second Amended Disclosure Statement on the following grounds:

---

[1] GCS' original name was Glendale Career Schools, Inc., a Nevada Corporation. It changed its name to GCS/LES. Inc., a Nevada Corporation. Glendale Career Schools, Inc., and GCS are one and the same entity.

A. **THE DEBTOR HAS NOT PROVIDED SUFFICIENT INFORMATION TO ENABLE GLENDALE TO DETERMINE THE PROBABLE FINANCIAL RESULT OF THE PLAN.**

This is Debtor's third attempt at a disclosure statement and plan. There were objections from both Citizens Business Bank and Glendale to the first Disclosure Statement and, at the hearing on April 7, 2010, the court continued the hearing on the proposed Disclosure Statement and proposed Plan to June 9, 2010, required Debtor to file an amended proposed Disclosure Statement and proposed Plan on or before May 14, 2010 and provide the court and counsel for Citizens Business Bank ("CBB") and Glendale with a red line copy showing changes. Any objections to the Amended Proposed Disclosure Statement and Amended Proposed Plan ("Amended DS") were to be filed on or before May 30, 2010. The redlined version of the Amended Plan and Disclosure Statement were not timely filed. Objections were made by CBB and Glendale.

A hearing on the Amended Disclosure Statement and Plan was continued to July 14, 2010. A Second Amended Disclosure Statement and Plan ("DS") were filed late, a week before the hearing, but, as Debtor's counsel does not efile, were received by CBB and Glendale only two days before the hearing. Therefore, the hearing has been continued to August 11, 2010.

Setting aside the fact that Debtor's counsel's application to be counsel for the Debtor was denied by this court due to conflicts of interest on May 12, 2010 and his second application has not yet been ruled upon, the DS contains very few changes. More information is provided as to the tenants of the building and a liquidated sale value of $11,027,229 is mentioned if the Property were to be sold, although fair market value of the Property is listed as $14,112,395. Payments to Schock & Schock as Debtor's counsel and to Dorn Platz Management as property managers are mentioned even though the court has denied the Debtor's motions to employ both of them. Dorn Platz' claim is $3,000 higher and it has been put into its own class with Lobar. A section on assumption and rejection of leases is also added. However, the deficiencies of the original Disclosure Statement have

not been addressed for the most part.

The purpose of a disclosure statement is to inform equity holders and claimants about the probable financial results of acceptance or rejection of a particular plan. (*In re Aspen Limousine Service, Inc.* 193 B.R. 325(D. Colo. 1996.)  The proposed disclosure statement does not meet this standard.

The amended disclosure statement does not provide Glendale or other creditors any reliable information concerning the "probable" financial results of the plan.  Therefore, it is insufficient as a matter of law and approval should be denied.

1.  **Pure Speculation**

The Disclosure Statement describes various speculative possibilities.  While the landlord's work is "complete", there are punch list items remaining to be completed on the Southwest College space.  The commencement date for their lease has been pushed back at least twice.  Will they take possession on August 1, 2010?  Have all City approvals been secured.

The Plan cannot work if the rental income remains at its current $29,680 per month. The base rental income will increase to $89,180 per month if everything goes according to plan according to the DS.  What if it doesn't?  Two of the leases (24 Hour Fitness and Southwest College) will expire within the term of the Plan.  While the tenants have options to extend, will they do so?  What is the basis to assume the tenants will renew their lease or extend the option?  In the current economy, this is not a sure thing.

When the Debtor puts the property, its only material asset, up for sale or attempts to refinance it in fifty-three (53) months, what will it be worth?  Will it be able to sell or refinance the property to pay off secured creditors at that point?  What is the basis for its conclusion that this process will result in payment to all creditors?  What form of adequate protection will be provided to these creditors?  If the property is sold during the Plan period, Debtor anticipates that all secured and unsecured creditors will be paid in full from the sales proceeds.  Glendale's large claim is not even being considered in this scenario— how will it be paid?

KNAPP,
PETERSEN
& CLARKE

1  Debtor's motion to approve its counsel, Schock & Schock, was denied. Counsel is
2  listed as an administrative expense in the amount of $50,000. Debtor has not indicated how
3  it will deal with this issue.

### 2. Glendale's Claim is Secured by a Deed of Trust

5  With respect to Glendale's claim, the Debtor continues to list it as unsecured and
6  disputed. However, it is clearly secured. The Debtor's reference to it being unsecured is in
7  bad faith and an obvious attempt to superficially comply with deadlines to file a disclosure
8  statement. The Debtor has failed to adequately explain the background and history leading
9  to Glendale's secured status. Shouldn't creditors be told why the deed of trust was granted
10 and the basis for the debt?

11 Glendale entered into a Lease Agreement with Debtor (the "Lease") for new space at
12 240 North Brand Boulevard, Glendale, California (the "Subject Property"). As an
13 inducement to enter into the Lease, the Debtor promised to pay for any holdover premium if
14 they could not provide possession by the date of **February 28, 2005** and a $100,000 late fee
15 if possession was not provided by **May 1, 2005**. At the time this promise was made,
16 Glendale was negotiating a long term extension of its then-current location at 1015
17 Grandview Boulevard in Glendale. In order to convince Glendale to sign a new lease with
18 Debtor take the risks of permitting (including a parking exception required from the City of
19 Glendale) and construction in lieu of renewing at its existing location (where Glendale had
20 no such risks), Debtor represented that they had "no intention of getting cute as to what
21 constitutes 'holdover premium;' you tell us what it is, we write you a check." Accordingly,
22 the parties included these promises in Exhibit C to the original Lease, which provides at
23 Paragraph 9:

24  "If the Possession Date has not occurred on or prior to February 28, 2005,
25  Landlord shall, within ten (10) days after written demand therefore, reimburse
26  Tenant for any holdover rent premium Tenant pays to its Landlord . . . under
27  its existing lease. . . "
28  As a consequence of this email and their promises, Glendale did not extent its old

KNAPP,
PETERSEN
& CLARKE

-4-
*OBJECTION OF SECURED CREDITOR GCS/LES, F/K/A GLENDALE CAREER SCHOOLS TO DEBTOR'S
SECOND AMENDED DISCLOSURE STATEMENT*

880351.1 05777/00001

1 lease which obligated it to pay a premium for holdover rent to the old landlord.

2 Notwithstanding, Debtor did not timely tender possession prior to February 28, **2005**, nor did it provide possession by May 1, 2005, when the $100,000 late fee (see Paragraph 11 of Exhibit C to the Lease) became immediately due. Glendale became a holdover tenant at the prior location (1015 Grandview) as of March 1, 2005 and began paying a premium over its then current rent to that landlord. Glendale then looked to Debtor for reimbursement pursuant to its lease agreement with Debtor. (This situation lasted over two years while the Debtor danced with the City of Glendale over the parking exception issues.)

The subject property was never tendered to Glendale as required under the Lease. Demands for payment of the holdover rent and the late fee were timely made but Debtor failed and refused to make the payments.

On May 10, 2007, Glendale made a final demand on Debtor to pay the amounts due and owing under the Lease. Specifically, demand was made to pay the holdover rent premium and the late fee. Consequently, on May 15, 2007, (more than two years after the February 28, 2005 deadline) Debtor and Glendale entered into a **Lease Amendment**. In the Lease Amendment, Debtor *acknowledged its current monetary obligations* to Glendale as a result of the breaches indicated above and further agreed to, *inter alia*, diligently complete construction of the tenant improvements such that Glendale could take possession of the subject premises by no later than **August 30, 2007**.

Debtor agreed to secure its present monetary obligation to Glendale with a deed of trust in second position and represented that there was at least $2.0 million in equity. The Lease Amendment further provided a mechanism to repay Glendale for this monetary obligation in the event that possession was actually tendered. Glendale was provided an *option* by which it could – **but was not required to** - offset the monetary obligation on a prorated monthly basis capped by an agreed amount against rent due – after possession was obviously tendered and they moved in – or to foreclose if possession was not tendered.

As part of this new arrangement (set forth in Paragraph 8 of the Lease Amendment),

KNAPP, PETERSEN & CLARKE

-5-
*OBJECTION OF SECURED CREDITOR GCS/LES, F/K/A GLENDALE CAREER SCHOOLS TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT*

880351.1 05777/00001

**Debtor specifically acknowledged and agreed that, as of February 1, 2007, the holdover rent and the late fee, plus interest, was owed by Debtor to Glendale totaling $1,428,999.41.** [2]

By October 2007, Debtor failed to provide possession, the Deed of Trust, the appraisal or the title information required under the Lease Amendment. Consequently, Glendale made demand and indicated its intention to file a lawsuit against the Debtor.

Significantly, the demand letter outlined Glendale's interpretation of the Lease Amendment with respect to the fact that the monetary obligation was *immediately* due and owing. Debtor did not respond to this letter other than to execute and deliver the subject Deed of Trust and acknowledge that $2,004,412.75 was owed.

By February 29, 2008, when neither payment nor possession was tendered, Glendale initiated the present foreclose.

Making matters even worse is the fact that the deed of trust was to be recorded against the subject property in *second* position but it is in *third* position. Debtor was also required to provide, at its expense, a title insurance policy insuring the position of the second deed of trust. None of this occurred. Debtor was also required to provide an appraisal by an MAI certified appraiser reflecting that there was at least $2.0 million in equity above the amount of the existing first deed of trust. This too was not provided.

As of October 1, 2007, damages to Glendale increased to $2,004,412.75, for the holdover premium, late fee and interest through October 1, 2007. Interest has continued to accrue since that time. When additional demands were ignored, Glendale initiated foreclosure. On the eve of the foreclosure, the Debtor obtained a TRO preventing the sale[3] but the TRO was conditioned on the Debtor posting a $300,000 surety bond. The Debtor however failed to post the required undertaking; rather, the Debtor filed the first of two

---

[2] Despite agreeing to this, the Debtor now seems to be taking a contrary view.

[3] The trial court mistakenly assumed that enforcement of the Deed of Trust was conditioned on the Debtor tendering possession. However, since possession was never tendered because the build outs were not completed, the court did not allow Glendale to complete the foreclosure. The trial court later allowed the foreclosure to move forward.

KNAPP, PETERSEN & CLARKE

Chapter 11 proceedings. When the first proceeding was dismissed by this court with a 180 day bar to refilling, Glendale attempted to complete its foreclosure sale. The Debtor attempted to obtain another TRO from the state court but this time the request was correctly denied.

Subsequently, the Debtor and Glendale engaged in sporadic settlement discussions which resulted in Glendale postponing the foreclosure. No agreement was ever reached with respect to the claim or Glendale's right to foreclose. At no time, however, has the Debtor ever taken the position that Glendale was unsecured.

### 3. Treatment of Creditor's Claims are Unclear at Best

The Debtor states in its DS as it did in its original disclosure statement that Glendale's claim is disputed, that "whatever portion of the claim that would be allowed would be all due and payable upon the sale or refinance of the building and would not bear interest." Glendale would receive one payment under the plan, on the 50th month after plan confirmation unless or until it was paid in full. What amount will this be? What is the basis to contest the amount? What form of adequate protection will be given to Glendale to protect it from the loss of its secured position? Where will the funds come from to pay Glendale?

The Debtor's handling of Glendale under the plan is clearly discriminatory. No interest is scheduled to be paid, and no part of the claim would be due and payable until the sale or refinance of the building. Glendale's claim is senior to Barnust Properties which is not disputed. In its chart comparing treatment of creditors under Chapter 7 and Chapter 11, in its DS, Debtor does not list Glendale under the secured creditors and states that in a Chapter 11, unsecured creditors would receive 100% of their claims. If Glendale is being treated as an unsecured creditor, this is not correct. How will it receive the $2,400,000 it is rightfully due if less than that is available for distribution to unsecured creditors?

Is Glendale's claim being split between secured and unsecured? What is the basis for such allocation when the Debtor states that assets are more than the liabilities? If so, what is the value of the property? How did the Debtor determine this value? What will happen

1  to the Plan if Glendale makes the 11 U.S.C. § 1111(b) election? If it doesn't and its
2  unsecured claim is placed in the Class with other unsecured claims, how will the other
3  unsecured creditors be paid? What are the terms?
4     Perhaps premature, but as Glendale's $2,400,000 claim would substantially affect
5  the Debtor's ability to make or meet its commitment to any creditors subordinate to
6  Glendale, the court should consider it and evaluate its impact on the feasibility of the plan.
7  (See *In re Dennis Ponte, Inc. (Brutoco Engineering & Construction Co., Inc. v. Dennis*
8  *Ponte, Inc.*, 61 B.R. 296, 14 Bankr.Ct. Dec. 960))

**B.  CONCLUSION**

Approval of the DS should be denied. Glendale's claim should either be determined or estimated for Disclosure Purposes in the alternative- allowed and then if not allowed, and the Debtor should be required to provide more detail with respect to the proposed plan. Because the DS does not provide sufficient information concerning these claims and issues, particularly as to Glendale, the DS is not adequate.

Dated: July 28, 2010                KNAPP, PETERSEN & CLARKE

By: _____
Mitchell B. Ludwig
Attorneys for Secured Creditor
GCS/LES, a Nevada corporation f/k/a
Glendale Career Schools.,

KNAPP, PETERSEN & CLARKE

-8-
*OBJECTION OF SECURED CREDITOR GCS/LES, F/K/A GLENDALE CAREER SCHOOLS TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT*
880351.1  05777/00001

| In re:<br>Fey 240 North Brand LLC, A Limited Liability Company | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:09-bk-44228-AA |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
550 No. Brand Blvd., 15th Floor, Glendale, CA 91203-1922

A true and correct copy of the foregoing document described as <u>Objection Of Secured Creditor GCS/LES, A Nevada Corporation F/K/A Glendale Career Schools To Debtor's Second Amended Disclosure Statement</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 28, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Dawn M. Coulson, Attorney for Citizens Business Bank, dcoulson@eyclaw.com
M. Jonathan Hayes, Attorney for M. Jonathan Hayes, jhayes@polarisnet.net
Dare Law, Attorney for US Trustee, dare.law@usdoj.gov
U.S. Trustee, ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u> (indicate method for each person or entity served):**
On July 28, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Fey 240 North Brand LLC  -  Via Federal Express
210 S. Orange Grove
Pasadena, CA 91105-1705

John Schock, attorney for Debtor  -  Via Federal Express
210 Orange Grove, Ste. 200
Pasadena, CA 91105-1705

☒ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u> (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 28, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Hon. Alan M. Ahart
United States Bankruptcy Court
255 E. Temple Street, Room 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 28, 2010 | Cynthia Contreras | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re: | | CHAPTER: 11 |
|---|---|---|
| Fey 240 North Brand LLC, A Limited Liability Company | | |
| | Debtor(s). | CASE NUMBER: : 2:09-bk-44228-AA |

**ADDITIONAL SERVICE INFORMATION (if needed):**

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA  1911-0326

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA  94280-0001

L.A. County Tax Collector
Bankruptcy Unit
2615 S. Grand
Los Angeles, CA  90007-2608

Saiful Bouquet
385 East Colorado Blvd., Ste. 200
Pasadena, CA  91101-1988

Securities & Exchange Commission
5670 Wilshire Avenue, 11th Floor
Los Angeles, CA  90036-5627

Stumbaugh and Associates
3303 N. San Fernando Blvd.
Burbank, CA  91504-2531

ABR Concrete Systems
110 N. Richmont Drive, Unit H
Anaheim, CA  92801-6248

Amtech Elevator Services
Dept. LA 21592
Pasadena, CA  91185-0001

Archers Lock and Safe
224 W. Colorado Blvd.
Glendale, CA  91204-1350

Aztec Fire Protection
5121 West Jefferson Blvd.
Los Angeles, CA  90016-3813

Citizens Business Bank
Ted Dondanville
1010 E. Colorado Blvd.
Pasadena, CA  91106-2311

Crabtree Glass Company
13203 Sherman Way
North Hollywood, CA  91605-4649

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

Case 2:09-bk-44228-AA    Doc 92    Filed 07/28/10    Entered 07/28/10 15:50:04    Desc
Main Document    Page 11 of 12

| In re: | | CHAPTER: 11 |
|---|---|---|
| Fey 240 North Brand LLC, A Limited Liability Company | | |
| | Debtor(s). | CASE NUMBER: : 2:09-bk-44228-AA |

Dal Tile Van Nuys
7901 Sepulveda Blvd.
Van Nuys, CA 91405-1011

Demmert and Associates
2004 West Mountain Street
Glendale, CA 91201-1249

Diversified Automation
7372 Walnut Avenue, Ste. Y
Buena Park, CA 90620-1775

Dura Painting Company
19341 Caledonia Drive
Riverside, CA 92508-6221

Electrician Magician
524 E. Glenoaks, Unit D
Glendale, CA 91207-2140

Evilsizer Construction Inc.
621 S. Victory Blvd.
Burbank, CA 91502-2424

Farmers Insurance
27200 Tourney Road Unit 240
Valencia, CA 91355-4910

Franchise Tax Board
Bankruptcy Section MS A340
P.O. Box 2952
Sacramento, CA 95812-2952

Interior Experts General Builders
2127 Edwards Avenue
South El Monte, CA 91733-2037

KPFF Consulting Engineers
6080 Center Drive, Ste. 300
Los Angeles, CA 900451591

LA Metro Plumbing
P.O. Box 60921
Pasadena, CA 91116-6921

Labor Ready Southwest Inc.
P.O. Box 31001-0257
Pasadena, CA 91110-0001

Lobar
1150 N. Central Avenue, Unit 209
Glendale, CA 91202-2506

Los Angeles County Assessor
500 W. Temple Street, Room 225
Los Angeles, CA 90012-2752

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

| In re: | | CHAPTER: 11 |
|---|---|---|
| Fey 240 North Brand LLC, A Limited Liability Company | | |
| | Debtor(s). | CASE NUMBER: : 2:09-bk-44228-AA |

Los Angeles County Treasurer
& Tax Collector
P.O. Box 54110
Los Angeles, CA  90054-0110

Malekian and Associates
22550 Honolulu Avenue LA
Montrose, CA  91020

Mustang Mechanical Contractors
957 Lawson Street
City of Industry, CA  91748-1121

Otis Elevator Company, eta l
Treasury Services
1 Farm Springs
Farmington, CT  06032-2572

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1