Dawn M. Coulson, State Bar No. 154085
dcoulson@eyclaw.com
Michael B. Wilson, State Bar No. 233633
mwilson@eyclaw.com
**EPPS YONG & COULSON, LLP**
333 S. Hope Street, 35th Floor
Los Angeles, California 90071
(213) 613-2340 - Telephone
(213) 613-2344 – Facsimile

Attorneys for Creditor CITIZENS BUSINESS BANK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>FEY 240 NORTH BRAND, LLC,<br><br>Debtor | Case No.: 2:09-bk-44228-AA<br><br>Chapter 11<br><br>**CITIZENS BUSINESS BANK'S EVIDENTIARY OBJECTIONS TO FEY 240'S RESPONSE TO OPPOSITION TO CONFIRMATION AND OBJECTIONS TO DEBTOR'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: February 23, 2011<br>Time: 10:00 a.m.<br>Crtrm: 1382 |

Creditor Citizens Business Bank ("CBB") submits the following objections to the Response to Opposition to Confirmation of Chapter 11 Plan of Reorganization and Request for Judicial Notice submitted by Fey 240 North Brand, LLC ("Fey 240")[1]:

---

[1] While the Debtor's Response contains many misstatements of law and fact, CBB will reserve its argument on all the Debtor's improprieties for oral argument. The objections noted herein are made to address the procedural and evidentiary issues presented by the Debtor's Response and

3221-006

CITIZENS BUSINESS BANK'S EVIDENTIARY OBJECTIONS TO FEY 240'S RESPONSE TO OPPOSITION TO CONFIRMATION AND OBJECTIONS TO DEBTOR'S REQUEST FOR JUDICIAL NOTICE

1

**1. Response to Opposition to Confirmation of Plan and Debtor's Request for Judicial Notice**

<u>Objections: Inadmissible Hearsay. (Evid. Code § 1200 et seq.);</u>

<u>Lacks Foundation. Lacks Trustworthiness. Conclusory. (Evidence Code §§ 352, 780.)</u>

<u>Inadmissible Evidence Submitted In A Reply (Local Bankruptcy Rule 9013-1(3); *Eberle v. City of Anaheim* (9th Cir. 1990) 901 F.2d 814, 818.)</u>

<u>Improper Opinion (Federal Rules of Evidence 104(a), 702.)</u>

<u>Improper Request to Take Judicial Notice (Federal Rules of Evidence 201.)</u>

The Debtor filed its motion for approval of its Fourth Amended Disclosure Statement and Chapter 11 Plan of Reorganization on February 2, 2011 ("Motion"). The 11 page Motion does not include any "expert" declaration as to the appropriate interest rate for Citizens Business' Bank's loan and does not include any appraisal purporting to value the Debtor's real property.[2] In an apparent attempt to remedy this lack of evidence, Debtor improperly submitted additional evidence with its Reply to Citizens' objection. Specifically, the Debtor attached a declaration of Charles W. Grosenbaugh, requesting that Mr. Grosenbaugh's 'expert' opinion as to the appropriate interest rate due to Citizens be accepted and judicially noticed by this Court. The Debtor also included a declaration of Jennie Redner, incorporating an appraisal by TerraFirma, and requestd that Ms. Redner's "expert" opinion as to the valuation of the Debtor's property be accepted and judicially noticed by this Court.

Citizens objects to this new evidence. Mr. Grosenbaugh's declaration and to Ms. Redner's declaration should be disregarded completely:

I.    NEITHER MS. REDNER NOR MR. GROSENBAUGH HAVE BEEN QUALIFIED AS EXPERTS BY THIS COURT AND THE COURT SHOULD

---

CBB's contention that those procedural and evidentiary issues preclude the Court from considering the Debtor's belated "evidence."

[2] Even including in the Debtor's motion (and thus in its moving papers) its Fourth Amended Disclosure Statement and Chapter 11 Plan of Reorganization, the Debtor does not include any evidence as to the proper interest rate for Citizens' loan or the proper valuation of its property.

DENY DEBTOR'S ATTEMPT TO IMPROPERLY ADMIT THEIR EXPERT TESTIMONY THROUGH A REQUEST FOR JUDICIAL NOTICE

In order to provide expert testimony, a proposed expert must be properly qualified by the Court. (*See Federal Rule of Evidence 104(a)*("[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b).) That determination is usually made by allowing the opposing party to cross-examine the proposed witness as to his or her qualifications, methodology, and the relevance of the proposed testimony. Here, Citizens objects to Debtor's attempted end run around the proper procedure. There has been no vetting of Mr. Grosenbaugh and no examination of his procedure; he has not been determined to be an expert and as such his declaration testimony should not be allowed. Similarly, this Court has not vetted Ms. Redner or TerraFirma and has not conducted examination of their procedures. Neither Ms. Redner nor TerraFirma have been appointed experts by this Court and as such both Ms. Redner's testimony and the incorporated appraisal done by TerraFirma should not be allowed, especially through a Request for Judicial Notice.

II. **BOTH MR. GROSENBAUGH'S AND MS. REDNER'S DECLARATIONS ARE INADMISSIBLE HEARSAY, OPINION, LACK FOUNDATION AND LACK TRUSTWORTHINESS**

Mr. Grosenbaugh's declaration attempts to set out the appropriate interest rate for Citizens in its final paragraph, stating "[t]herefore it would be my opinion that an appropriate spread would probably be ...." As is noted earlier, Mr. Grosenbaugh has not been properly qualified as an expert and therefore his opinion is inadmissible. Furthermore, Mr. Grosenbaugh bases his opinion on an unspecified "recent survey of institutional lenders" that is not provided to the parties or the Court, and an appraisal not adopted by this Court.

Further, Mr. Grosenbaugh's declaration makes no mention of whether his opinion includes an assessment of the borrower, the borrower's bankruptcy status, the multiple bankruptcies in which the borrower's manager is involved (and the fact that, despite the multiple bankruptcies, the borrower proposes to continue using the same managing company that manages all the bankrupt

entities), the borrower's default on Citizens' loan, or any of a myriad of other factors that would be appropriate in determining a suitable risk valuation and thus, interest rate. That Mr. Grosenbaugh either did not include such factors in his evaluation or failed to mention those factors show that there is a complete lack of foundation for his testimony and renders his testimony hearsay and inadmissible opinion.

In fact, Mr. Grosenbaugh's declaration indicates only that he considered the highest valuation of the Debtor's property (the Debtor's own appraisal), he used the highest potential income for the property (again from the Debtor's own appraisal), and he eliminated higher spreads based upon his supposition that those lenders "have experiences substantial flow of new loan opportunities and thus may have increased their spreads to slow down the flow of new business." These points further indicate that Mr. Grosenbaugh's testimony is biased toward the Debtor and lacks trustworthiness.

As for Ms. Redner's declaration, and the TerraFirma appraisal, they suffer from the same problems as the Grosenbaugh declaration. In Ms Redner's declaration, she summarily attempts to set the value for the Debtor's property, stating "[t]he fair market value of the property as of July 1, 2010, set forth in the Appraisal is $12,000,000.00." As is noted earlier, Ms. Redner has not been properly qualified as an expert by this Court in this matter and therefore her opinions are inadmissible. CBB has not had the chance to depose TerraFirma or Ms. Redner in connection with the proferred valuation of the Debtor's property. Because TerraFirma (a company) has not been qualified as an expert – perhaps through one of its officers or Ms. Redner, its opinions based upon whether any comparison property is "risky" or if its tenants are "a touch better" than any other property are pure conjecture. Ms. Redner's incorporation of the TerraFirma appraisal is improper, as an individual can only testify as to what is personally known to them.

### III. MR. GROSENBAUGH'S AND MS. REDNER'S DECLARATIONS ARE NOT PROPERLY SUBJECT TO JUDICIAL NOTICE

Finally, and applicable to both the Grosenbaugh and Redner declarations, judicial notice may only be taken of facts "not subject to reasonable dispute in that it is either (1) generally

3221-006

CITIZENS BUSINESS BANK'S EVIDENTIARY OBJECTIONS TO FEY 240'S RESPONSE TO OPPOSITION TO CONFIRMATION AND OBJECTIONS TO DEBTOR'S REQUEST FOR JUDICIAL NOTICE

4

known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (Federal Rule of Evidence 201(b).) Declarations such as the one submitted here by Fey 240 are obviously not properly subject to judicial notice because the "facts" contained therein are not generally known or capable of accurate and ready determination and because, as is the case here, the "facts" contained in the declarations are directly contested by opposing evidence.

Dated: February 18, 2011          **EPPS YONG & COULSON, LLP**
                                   By:    /s/ Michael B. Wilson
                                   ───────────────────────────────
                                          Dawn M. Coulson
                                          Michael B. Wilson
                                   Attorneys for Creditor CITIZENS BUSINESS BANK

EPPS YONG & COULSON, LLP
333 S. HOPE STREET, 35TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 613-2340 • FAX (213) 613-2344

3221-006

CITIZENS BUSINESS BANK'S EVIDENTIARY OBJECTIONS TO FEY 240'S RESPONSE TO OPPOSITION TO CONFIRMATION AND OBJECTIONS TO DEBTOR'S REQUEST FOR JUDICIAL NOTICE

5

| In re:  FEY 240 NORTH BRAND, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-44228-AA |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 S. Hope Street, 35th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document described as:

1) **CITIZENS BUSINESS BANK'S EVIDENTIARY OBJECTIONS TO FEY 240's RESPONSE TO OPPOSITION TO CONFIRMATION AND OBJECTIONS TO DEBTOR'S REQUEST FOR JUDICIAL NOTICE**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 18, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee (dare.law@usddoj.gov)
Dawn M. Coulson (dcoulson@eyclaw.com)
Mitchell B. Ludwig (mbl@kpclegal.com)

**II. SERVED BY U.S. MAIL (indicate method for each person or entity served):**
On **February 18, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid addressed as follows: (Listing the judge here constitutes a declaration that mailing to the judge **will be** completed no later than 24 hours after the document is filed).

X Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 18, 2011** I served the following person(s) and/or entity(ies) by personal delivery as follows. (Listing the judge here constitutes a declaration that personal delivery on the judge **will be** completed no later than 24 hours after the document is filed).

X Service information continued on attached page

PROOF OF SERVICE

1

| In re: FEY 240 NORTH BRAND, LLC | CHAPTER:11 |
| Debtor(s). | CASE NUMBER: 2:09-bk-44228-AA |

ADDITIONAL SERVICE INFORMATION (if needed):

**II. Served by Mail**

John P. Schock
210 S. Orange Grove Blvd. #200
Pasadena, CA 91105

Fey 240 North Brand LLC
210 S. Orange Grove Blvd. #200
Pasadena, CA 91105

**III. Served by Personal Delivery**

Honorable Alan M. Ahart
U.S. Bankruptcy Court
255 East Temple Street, Courtroom 1382
Los Angeles, CA 90012

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 18, 2011 | Lorraine Estrada | /s/ Lorraine Estrada |
| Date | Type Name | Signature |